UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Vem Yenovkian, | Case No. 2:24-cv-00026-APG-MDC |
|           Plaintiff, | |
| vs. | **ORDER** |
| Petal Card, Inc., | |
|           Defendants. | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |

Pro se plaintiff Vem Yenovkian filed an application to proceed *in forma pauperis* (IFP). ECF Nos. 1 and 1-1. Plaintiff's IFP application is DENIED WITHOUT PREJUDICE. Plaintiff must file the long-form IFP or pay the full filing fee.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties.

Plaintiff filled out both the short form and long form IFP application. ECF Nos. 1 and 1-1.

Although plaintiff indicated that he is currently unemployed and only has $200 in his savings account at Chase Banke, he has also indicated that his current monthly expenses are $1900. ECF No. 1 at 4-5. Plaintiff has not shown how he is able to make his monthly payments when he has no monthly income and only has $200 in his savings account. Plaintiff has also indicated that his mother, Sonia Bacabanian, currently relies on him for support, but has not shown how he is able to support her with no monthly income and only $200 in savings. ECF No. 1.

Because plaintiff has inconsistencies in his IFP and has not adequately demonstrated his inability to pay, the Court cannot determine his IFP status at this time. The Court will allow plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must fill out the long form application. Plaintiff must answer all questions on the long form with detailed explanations about monthly income and expenses. Plaintiff cannot leave any questions blank.

ACCORDINGLY,

IT IS ORDERED that Yenovkian's application to proceed in forma pauperis (ECF No. 1) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that by **Wednesday March 6, 2024** Plaintiff must either file (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) pay the full fee for filing a civil action.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 6th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge