# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Vem Yenovkian, | **2:24-cv-00026-APG-MDC** |
| Plaintiff(s), | |
| vs. | **Order Regarding Service of Process** |
| Petal Card, Inc., | |
| Defendant(s). | |

On January 4, 2024, *pro se* plaintiff Vem Yenovkian filed an *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and a Complaint (ECF No. 1-2). On February 6, 2024, the Court denied his IFP application without prejudice. ECF No. 6. On February 13, 2024, plaintiff paid the full $405 filing fee. ECF No. 7. Plaintiff can proceed with his case pro se, without prior screening, since he is not a prisoner, he is not proceeding in forma pauperis, and he paid the filing fee. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Salat v. County of Sacramento*, 2015 U.S. Dist. LEXIS 89314, 2 (citing 28 U.S.C. § 1915(e)(2)(B) and *Bardes v. Magera*, 2008 U.S. Dist. LEXIS 49289, 2008 WL 2627134 10 (D.S.C. 2008)) (finding that it is error to screen a non-prisoner pro se plaintiff's complaint when the plaintiff pays the filing fee).

Rule 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Plaintiff is reminded that Rule 4(c)(1) of the Federal Rules of Civil Procedure makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." *See Brown v. Am. Homes 4 Rent*, 2023 U.S. Dist. LEXIS 220806, * 2 (D. Nev. Dec. 12, 2023). The ninety (90) day limit to serve defendants began to run when plaintiff paid the filing fee on October 16, 2023. *See Davis v. Clark County Sch. Dist.*, 2013 U.S. Dist. LEXIS 16781, at *7 (D. Nev.

Feb. 6, 2013) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (complaint deemed filed when IFP request ruled upon and fee paid)).  By paying the filing fee on February 13, 2024, plaintiff's time to serve the defendant began to run on that date.  *See* Fed. R. Civ. P. 4(m). Thus, the last day to complete service of process was May 13, 2024.

However, the Court understands that plaintiff may have been confused and waited for a Court order to proceed with service of process. Therefore, the Court will grant plaintiff an extension under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has until **July 31, 2024**, to file: (a) *Affidavit of Service* for each defendant; or (b) a Motion requesting a further extension of time to serve defendants in which plaintiff must also show good cause why he has previously failed to serve the defendants.  If the plaintiff fails to comply with this order and does not file affidavits of service or a motion requesting a further extension, the Court may dismiss his Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff file Affidavits of Service proving service to each Defendant OR a Motion for Request to Extend Time to serve defendants by **July 31, 2024**. Failure to comply with this Order may result in a recommendation that this case be dismissed.

2. The Clerk of Court is directed to file the Complaint (ECF No. 1-2) on the docket and issue summons.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 4th day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge