**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Vem Yenovkian,

                    Plaintiff(s),

vs.

Petal Card, Inc.,

                    Defendant(s).

**2:24-cv-00026-APG-MDC**

**REPORT AND RECOMMENDATION**

This case is nearly a year old with no service having been completed. For the reasons stated below, I recommend dismissing this case without prejudice.

**<u>DISCUSSION</u>**

Plaintiff filed an IFP application (ECF Nos. 1, 1-1) and Complaint (ECF No. 1-2) on January 4, 2024. On February 6, 2024, I denied his IFP applications for failing to show he is unable to pay the filing. ECF No. 6. However, I gave plaintiff a chance to file a new long-form IFP application or to pay the full filing fee. *Id.* Plaintiff paid the filing fee on February 13, 2024. ECF No. 7. On June 4, 2024, I noted that plaintiff failed to serve defendants within the 90-day limit provided for in Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 10. I acknowledged that plaintiff may have been confused and waited for a Court order before proceeding with service. *Id.* Therefore, I gave plaintiff an additional 30 days to either complete service or file a motion for extension of time. *Id.* Thus, plaintiff was required to have either completed service and filed an affidavit by or file a motion for extension of time by July 31, 2024. Plaintiff failed to do so. Plaintiff not only failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure, but he also failed to comply with the Court's Order. Plaintiff's *pro se* status is no excuse for failing to comply. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).

District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v.*

1   *Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action

2   based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal*

3   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order);

4   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure

5   to comply with local rules).

6          In determining whether to dismiss an action on one of these grounds, I must consider: (1) the

7   public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the

8   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9   and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460

10  F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.

11  1987)).

12         The first two factors, the public's interest in expeditiously resolving this litigation and the

13  Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The Court

14  has an interest in moving the litigation forward, however, plaintiff's noncompliance impedes the court's

15  ability to do so. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

16  because a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting

17  an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public

18  policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring

19  dismissal.

20         While the fifth factor requires courts to consider less drastic alternatives, courts "need not

21  exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and

22  meaningful alternative." *Henderson*, 779 F.2d at 1424. A court's warning to a party that his failure to

23  obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v.*

24  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The only alternative is to enter another order setting

25  another deadline. Issuing another order, however, will only delay the inevitable and further squander the

Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. Because dismissal would be without prejudice, it stops short of using the harshest sanction of dismissal with prejudice. The fifth factor favors dismissal.

ACCORDINGLY,

**I RECOMMEND** that this case be dismissed without prejudice for failing to file proof of service in compliance with this Court's Order and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DATED this 16th day of December 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.